# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-683V
Filed: October 23, 2014
Not For Publication

* * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| R.T., deceased, by her father,<br>THOMAS M. TAFOYA, | *<br>*<br>* |
|        Petitioner, | *   Damages Decision Based on Proffer;<br>*   MMR; Varicella; Death |
| v. | *<br>*<br>* |
| SECRETARY OF HEALTH<br>AND HUMAN SERVICES, | *<br>*<br>* |
|        Respondent. | * |

* * * * * * * * * * * * * * * * * * * * * * * * *

Michael G. McLaren, Black McLaren Jones Ryland & Griffee, PC, for petitioner.
Lindsay Corliss, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

**Vowell**, Chief Special Master:

    On July 31, 2014, Thomas Tafoya filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"] on behalf of the estate of his minor daughter, R.T. The petition alleges that as a result of the administration of hepatitis A ["Hep-A"], measles-mumps-rubella ["MMR"], Varicella, Haemophilus Influenzae Type b ["Hib"], and pneumococcal conjugate ["Prevnar" or "PCV13"] vaccinations on July 10, 2013, R.T. suffered severe injuries and death. Petition at 1.

    On September 12, 2014, I issued a ruling on entitlement, finding petitioner entitled to compensation. On October 21, 2014, respondent filed a proffer on award of

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

compensation ("Proffer") detailing compensation for R.T.'s actual pain and suffering, past unreimbursable medical expenses, a Medicaid lien, and R.T.'s death. According to respondent's Proffer, petitioner agrees to the proposed award of compensation. Pursuant to the terms stated in the attached Proffer, **I award petitioner:**

1. **A lump sum payment of $500,000.00 in the form of a check payable to petitioner, Thomas M. Tafoya, as guardian/conservator of R.T.'s estate,** representing compensation for R.T.'s death ($250,000.00) and for R.T.'s actual pain and suffering ($250,000.00);

2. **A lump sum payment of $500.00 in the form of a check payable to petitioner, Thomas M. Tafoya,** representing compensation for petitioner's past unreimbursable medical expenses; and

3. **A lump sum payment of $600,394.22 in the form of a check payable jointly to petitioner, Thomas M. Tafoya, and**

> Presbyterian Salud
> P.O. Box 27489
> Albuquerque, NM  87125-7489
> Re:  Member ID #105603228-00
> Attn:  Lynn Blackburn,

representing compensation for satisfaction of the State of New Mexico Medicaid lien.[3]

These amounts represent compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

s/Denise K. Vowell
**Denise K. Vowell**
Chief Special Master

---

[3] Petitioner agrees to endorse this payment to Presbyterian Salud.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| R.T., deceased, by her father,<br>THOMAS M. TAFOYA,<br><br>        Petitioner,<br><br>        v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>        Respondent. | No. 14-683V   ECF<br><br>Chief Special Master Vowell |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On July 31, 2014, Thomas M. Tafoya ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. § 300aa-1 *et seq.* ("Vaccine Act"), on behalf of his minor daughter, R.T., who is now deceased. He alleged that, as a result of R.T.'s July 10, 2013, measles-mumps-rubella ("MMR"), hepatitis A, varicella, Haemophilus Influenzae Type b ("Hib"), and pneumococcal conjugate ("Prevnar") vaccinations, she suffered serious injuries that ultimately caused her death. Petitioner alleged a theory based on causation-in-fact. The Secretary of Health and Human Services ("respondent") filed a Vaccine Rule 4(c) Report, conceding that R.T.'s varicella and MMR vaccinations caused-in-fact her injuries and resulted in her death. Respondent hereby submits the following proffer regarding the award of compensation. This proffer does not address final attorneys' fees and litigation costs. Petitioner is additionally entitled to reasonable attorneys' fees and litigation costs, to be determined at a later date upon petitioner submitting substantiating documentation.

I.  **Items of Compensation**

   A.  Future Medical Care Expenses

As this is a death case, petitioner is not entitled to an award for projected unreimbursable medical care expenses incurred from the date of judgment as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(A).  Petitioner agrees.

   B.  Lost Future Earnings

Based upon the evidence of record, respondent proffers that petitioner is not entitled to an award for lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(B). Petitioner agrees.

   C.  Pain and Suffering

Respondent proffers that petitioner, as guardian/conservator of R.T.'s estate, should be awarded $250,000.00 for R.T.'s actual pain and suffering as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

   D.  Past Unreimburseable Expenses

Evidence that petitioner supplied documents his expenditure of past unreimbursable expenses related to R.T.'s vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $500.00.  Petitioner agrees.

   E.  Death Benefit

Respondent proffers that petitioner, as the guardian/conservator of R.T.'s estate, is entitled to the $250,000.00 death benefit pursuant to 42 U.S.C. § 300aa-15(a)(2). Petitioner agrees.

2

F.  Medicaid Lien

Respondent proffers that petitioner, as guardian/conservator of R.T.'s estate, should be awarded funds to satisfy the State of New Mexico Medicaid lien in the amount of $600,394.22, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of New Mexico may have against any individual as a result of any Medicaid payments the State of New Mexico has made to or on behalf of R.T. from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury, under Title XIX of the Social Security Act. Petitioner agrees.

**II.   Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through lump sum payments and request that the special master's decision and the Court's judgment award the following:

A.   A lump sum payment of $250,000.00, representing compensation for R.T.'s death, pursuant to 42 U.S.C. § 300aa-15(a)(2), made payable to Thomas M. Tafoya, as the guardian/conservator of R.T.'s estate;

B.   A lump sum payment of $250,000.00, representing compensation for R.T.'s actual pain and suffering, pursuant to 42 U.S.C. § 300aa-15(a)(4), payable to Thomas M. Tafoya, as the guardian/conservator of R.T.'s estate;

C.   A lump sum payment of $500.00, representing compensation for petitioner's past out of pocket expenses, pursuant to 42 U.S.C. § 300aa-15(a), payable to Thomas M. Tafoya; and

D.   A lump sum payment of $600,394.22, representing compensation for satisfaction of the State of New Mexico Medicaid lien, payable jointly to petitioner and

3

Presbyterian Salud<br>
P.O. Box 27489<br>
Albuquerque, NM 87125-7489<br>
Re: Member ID #105603228-00<br>
Attn: Lynn Blackburn

Petitioner agrees to endorse this payment to Presbyterian Salud.

Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of R.T.'s estate under the laws of the State of New Mexico. No payments pursuant to this Proffer shall be made until petitioner provides the Secretary with documentation establishing his appointment as guardian/conservator of R.T.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of R.T.'s estate at the time a payment pursuant to this Proffer is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of R.T.'s estate upon submission of written documentation of such appointment to the Secretary.

### III.    Summary of Recommended Payments Following Judgment

| | | | |
|---|---|---|---:|
| | A. | Lump sum paid to petitioner Thomas M. Tafoya, as guardian/conservator of R.T.'s estate: | $ 500,000.00 |
| | B. | Lump sum paid to petitioner Thomas M. Tafoya, as compensation for past unreimbursable medical expenses: | $ 500.00 |
| | C. | Lump sum paid jointly to Thomas M. Tafoya and Presbyterian Salud, for satisfaction of State of New Mexico Medicaid lien: | $ 600,394.22 |
| | | **TOTAL AWARD:** | **$1,100,894.22** |

4

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

*/s/ Lindsay Corliss*
LINDSAY CORLISS
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Direct dial: (202) 616-9197
Dated: October 21, 2014           Fax: (202) 616-4310

5