# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-683V
Filed: March 2, 2015

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
R.T., deceased, by her father,     *
THOMAS M. TAFOYA     *
    *
        Petitioner,     *
    v.     *
    *   Attorney Fees and Costs; Stipulation;
SECRETARY OF HEALTH AND     *   Special Processing Unit ["SPU"]
HUMAN SERVICES,     *
    *
        Respondent.     *
    *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Michael G. McLaren, Black McLaren Jones Ryland & Griffee, PC, for petitioner.
Lindsay Corliss, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEY FEES AND COSTS[1]

**Vowell,** Chief Special Master:

    On July 31, 2014, Thomas Tafoya filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"] on behalf of the estate of his minor daughter, R.T. The petition alleges that as a result of the administration of hepatitis A ["Hep-A"], measles-mumps-rubella ["MMR"], Varicella, Haemophilus Influenzae Type b ["Hib"], and pneumococcal conjugate ["Prevnar" or "PCV13"] vaccinations on July 10, 2013, R.T. suffered severe injuries and death. Petition at 1.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

The case was assigned to the Special Processing Unit ["SPU"] of the Office of Special Masters. On October 23, 2014, I issued a decision awarding compensation to petitioner based on respondent's Proffer.

On February 27, 2015, the parties filed a Stipulation of Facts Regarding Final Attorneys' Fees and Costs. According to the stipulation, the parties agree upon a total award of attorneys' fees and costs to petitioner in the amount of $29,407.01. In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). I find the proposed amount to be reasonable.

**Accordingly, I award the total $29,407.01[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Michael G. McLaren.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

                                             **s/Denise K. Vowell**
                                             Denise K. Vowell
                                             Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).